Mary L. BERNARD, Wife of/and
Robert J. Bernard

v.

UNITED STATES of America.

Civ. A. Nos. 88–0082, 88–1261.

United States District Court,
E.D. Louisiana.

Aug. 27, 1991.

David Greenberg, T.A., David T. Pick, Greenberg & Dallam, Gretna, La., for plaintiffs, Mary Lee Bernard, wife of/and Robert Joseph Bernard.

Glenn K. Schrieber, T.A., Thomas L. Watson, Asst. U.S. Atty., New Orleans, La., for defendant U.S.

James L. Donovan, Jr., T.A., Donovan & Lawler, Metairie, La., for intervenor U.S. Fidelity and Guar. Co.

## FINDINGS AND CONCLUSIONS

LIVAUDAIS, District Judge.

### I.

Plaintiffs, Robert J. Bernard and his wife Mary L. Bernard, brought this action against defendant, the United States of America, to recover for injuries suffered by Mr. Bernard when he was involved in a tragic accident on December 1, 1986.

On this date, Mr. Bernard was employed by John Hazard Drayage and Construction, Inc. and, in connection with his work duties, Mr. Bernard was called to the Causeway Bridge to perform emergency repairs on a damaged joint in the southbound lane. On this same day, Patrick L. Marshall, a private on active duty in the United States Marine Corps, was assigned a task which required him to go from the north shore of Lake Pontchartrain to the south shore of the lake via the Causeway Bridge.

Mr. Marshall, while in the course and scope of his employment with the United States of America, traveled southbound on the Causeway Bridge at a speed of 65 to 75 MPH, some 10 to 20 MPH in excess of the posted speed limit. When Mr. Marshall reached the marked work-site, his excessive rate of speed and his inattentiveness caused him to swerve and lose control of his vehicle, at which time his vehicle struck Mr. Bernard causing severe and permanent personal injury. After numerous operations and medical procedures, these injuries led to the eventual below the knee amputation of Mr. Bernard's left leg.

Based on a Stipulation of Facts (Recd.Doc. No. 86) submitted by the parties, the Court entered Findings and Conclusions on the issue of liability stating that the defendant, the United States of America, was liable for the injuries sustained by plaintiff Robert J. Bernard, with no comparative fault imputable to Mr. Bernard. (Recd.Doc. No. 89).

The issue of liability having been decided, the only issues before this Court include the nature and scope of injuries sustained by Mr. Bernard, and what amount of damages will fairly and adequately compensate both Mr. and Mrs. Bernard for their losses due to the accident.

### II.

PAST MEDICAL EXPENSES: Medical bills incurred for the care and treatment of Mr. Bernard, as of the date of trial, total $256,809.31. Accordingly, a sum for past medical expenses in this amount shall be paid to Robert J. Bernard.

█ FUTURE MEDICAL EXPENSES: At trial, Dr. Warren, plaintiff's orthopaedist, testified that in his estimation, plaintiff will incur medical costs of $10,000.00 for the first year following the amputation, $2,500.00 for the second year, and then the

expense of a new prosthesis approximately every three years at a cost of $4,000.00 each. Plaintiff's life expectancy, according to Dr. Wolfson, plaintiff's economist, is 26 years. (Depo. of Wolfson, pp. 18 & 22). Therefore, the total cost for prosthesis replacement is approximately $34,680.00. As noted by defendant, rehabilitative training in the use of the prosthesis would be beneficial. Mr. Donald Kerr, a specialist in the rehabilitative training of amputees, testified that he could train Mr. Bernard at an approximate cost of $500.00.

Finally, evidence of numerous other psychological and medical problems was presented at trial. Both plaintiff's and defendant's respective psychiatrists testified that, in their opinion, psychiatric treatment would be helpful to resolve adjustment disorders and/or depression resulting from the accident. Also, Dr. Cortez, an infectious disease specialist, testified that the use of antibiotics to fight infection probably led to stomach problems and headaches from which Mr. Bernard suffered. Dr. Cortez further stated that the longer the antibiotics were used, the greater the chance of side effects reoccurring.

It is this Court's opinion based on the evidence submitted at trial, that due to the nature and severity of the injuries, along with the many complications involved, it is more probable than not that Mr. Bernard will require counseling and medical attention for the numerous ailments cited by the doctors mentioned above. Therefore, an award of $15,000.00 is merited to defray the costs of the treatment prescribed.

For the above reasons, a sum of $62,-680.00 in future medical expenses shall be paid to the plaintiff, Robert J. Bernard.

■ PAST LOST WAGES: Dr. Wolfson calculated plaintiff's total lost wages to the date of trial as $134,891.00. (Depo. of Wolfson, P. 13). However, defendant contends that $39,000.00 paid to Mr. Bernard by his employer after the accident should be credited to the above amount. Defendant is incorrect.

It is clear that payments from Mr. Bernard's employer received after the accident are payments from a collateral source and are not to be credited to the defendant tortfeasor, nor may the injured plaintiff's recovery be diminished. *Williamson v. St. Francis Medical Center*, 559 So.2d 929, 934 (La.App.2d Cir.1990); *Turner v. Krauss Co., Ltd.*, 543 So.2d 563, 567 (La. App. 4th Cir.1989). Therefore, an award of $134,891.00 in past lost wages shall be made by defendant in favor of plaintiff Robert J. Bernard.

■ FUTURE LOST WAGES: Robert J. Bernard is a 50 year old man with a seventh grade education. Mr. Bernard has been employed in the heavy construction business for the vast majority of his adult life. At the time of the accident, he was employed as a heavy construction foreman.

Bobby S. Roberts, a certified vocational evaluation specialist, opined that Mr. Bernard could not sustain himself performing sedentary work. Furthermore, Mr. Roberts' expert report states that Mr. Bernard is "totally unemployable in any capacity." (Ex. P–112). The Court agrees with this finding.

Dr. Wolfson stated that Mr. Bernard's work life expectancy is 11.75 years. Using this figure along with plaintiff's salary at the time of the accident, Dr. Wolfson calculated plaintiff's future wage loss to be $283,060.00. Based on the extent of the injuries, the nature of the work in which plaintiff was involved, plaintiff's educational level, and the fact that plaintiff is functionally unemployable, this amount is warranted and shall be paid to plaintiff Robert J. Bernard.

■ GENERAL DAMAGES: As a result of the accident, Mr. Bernard sustained multiple traumatic injuries including an open wound fracture of the left tibia and fibula, a fracture of the right ankle, a fracture of the left hand, and a compartment syndrome of the lower left extremity. Mr. Bernard remained conscious at all times after being struck by the vehicle but prior to being operated on at Ochsner Hospital.

Mr. Bernard initially remained as a patient at Ochsner Hospital for 24 days. During that initial hospitalization, he un-

derwent five operations to repair his legs. After his initial discharge, he underwent an additional 16 operative procedures to attempt to repair the legs and control the chronic infection which developed in the left leg. Mr. Bernard has spent 90 days in the hospital and has endured 21 operations including painful skin grafts and bone grafts, irrigation of the wound, and, 4½ years later, eventual amputation of his left leg below the knee. In addition, Mr. Bernard has endured numerous other procedures including electronic bone stimulation and 60 painful hyperbaric or concentrated oxygen treatments.

Mr. Bernard required assistance in all phases of daily life after the accident. Still, he is only able to stand for two minutes without crutches and some five to ten minutes with crutches.

Finally, Dr. Warren testified at trial that Mr. Bernard currently has a 90% disability rating of his lower left extremity and a 15% disability rating of his right ankle. These two disability ratings of the lower extremities translate into a 37% disability of the man as a whole which is permanent in nature.

After fully considering the extent of plaintiff's injuries, his past and future physical pain and suffering and mental anguish, disfigurement, and his residual disability, the Court assesses general damages in favor of plaintiff Robert J. Bernard in the total amount of $1,300,000.00. *Day v. Southline Equipment Company*, 551 So.2d 774 (La.App. 1st Cir.1989), writ den'd, 553 So.2d 474 (La.1989); *Robbins v. United States*, 593 F.Supp. 634 (E.D.Mo.1984).

■ LOSS OF CONSORTIUM: Mr. Bernard testified that his wife, Mary L. Bernard, spent every night in the hospital with him when he was their for treatment. At the same time, Mrs. Bernard continued to perform her normal activities including working full time outside of the home. When Mr. Bernard returned home from the hospital he was confined to a hospital bed for approximately one year after the accident. During this time Mrs. Bernard helped Mr. Bernard in bathing, eating, dressing, and accomplishing other normal functions of daily life.

The plaintiffs are no longer able to participate in the activities which they enjoyed before the accident. Prior to the accident they had a social life which included going out to dinner, visiting with friends at parties, and dancing. Also, sexual relations between Mr. and Mrs. Bernard have diminished greatly since the time of the accident.

After fully considering Mrs. Bernard's loss of consortium, including loss of society, companionship, support, material services, and sexual relations, the Court assesses damages in favor of plaintiff Mary L. Bernard in the amount of $150,000.00. *Robbins v. United States*, supra.

### III.

As agreed to by the parties, the United States Fidelity and Guaranty Company, as the compensation insurer of John Hazard Drayage and Construction Company, Inc., has paid as of the date of trial, $256,809.31 in medical benefits and $62,155.32 in worker's compensation benefits for a total of $318,964.63 paid for and on behalf of Robert J. Bernard. Intervenor shall be reimbursed said sum by plaintiffs.

As to the awards determined above, judgment will be entered accordingly.